**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RONALD McGREGOR,<br><br>Defendant - Appellant. | No. 13-10384<br><br>D.C. No. 3:12-cr-00200-WHA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted September 10, 2014
Submission Vacated January 16, 2015
Resubmitted July 2, 2015
San Francisco, California

Before: SCHROEDER, OWENS, and FRIEDLAND, Circuit Judges.

Ronald McGregor appeals the district court's denial of his motion to

suppress and his fifteen-year mandatory-minimum sentence imposed under the

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), following his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

bench-trial conviction of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo a district court's denial of a motion to suppress. *United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009). We also review de novo whether a prior conviction constitutes a predicate felony under the ACCA. *United States v. Grisel*, 488 F.3d 844, 846 (9th Cir. 2007) (en banc). We affirm the court's denial of the motion to suppress, but vacate McGregor's sentence in light of *Johnson v. United States*, No. 13-7120, 2015 WL 2473450 (U.S. June 26, 2015).

First, McGregor contends that the district court erred by denying his motion to suppress evidence obtained after a warrantless entry into an apartment. However, the district court properly determined that the emergency exception applied because, considering the totality of the circumstances, it was objectively reasonable for the officers to conclude there was an immediate need to enter the apartment to protect any occupants or themselves from serious harm. *See United States v. Snipe*, 515 F.3d 947, 952 & n.6 (9th Cir. 2008) (setting forth emergency exception to warrant requirement and rejecting "assertion that the police must witness ongoing violence before responding to an emergency").

The officers reasonably suspected that McGregor had a concealed weapon

based on the circumstances, including McGregor's furtive movements when he saw the officers' vehicle and his headlong flight to a nearby apartment when the officers tried to contact him. *See Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000); *United States v. Arellano-Ochoa*, 461 F.3d 1142, 1145-46 (9th Cir. 2006). Although it turned out that McGregor's sister lived in the apartment, the officers did not know this at the time, and it was reasonable for the officers to conclude that McGregor had fled into a stranger's apartment and could pose a threat to any occupants. *See Ryburn v. Huff*, 132 S. Ct. 987, 992 (2012) (per curiam).

The circumstances here differ from those in *United States v. Nora*, 765 F.3d 1049 (9th Cir. 2014). Unlike this case, there was no indication in *Nora* that the officers thought that Nora had fled into a stranger's home. *See id.* at 1051-52, 1054.

Second, McGregor contends his prior convictions were not predicate "violent felon[ies]" under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). In light of *Johnson*, which struck down the residual clause as unconstitutionally vague, we vacate McGregor's sentence and remand to the district court for re-sentencing.

**AFFIRMED in part, VACATED in part, and REMANDED.**

13-10384